# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>     Plaintiff,<br><br>     v.<br><br>A. MATEVOUSIAN, et al,<br><br>     Defendants. | Case No.  1:15-cv-01457-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF No. 10)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis pursuant to <u>Bivens v. Six Unknown Named</u> Agents, 403 U.S. 388 (1971).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons (BOP) at U.S. Penitentiary Atwater, brings this civil rights action against defendant correctional officials employed by the BOP at Atwater.  Plaintiff alleges that Defendants have denied him his approved medical devices.

On November 30, 2015, Plaintiff filed a motion requesting an order from this Court directing the warden at USP Atwater to assist Plaintiff in accessing his legal property.  Plaintiff contends that staff at USP Atwater require Plaintiff to walk a long distance while shackled in order to retrieve his legal property.  Plaintiff further alleges that officials at USP Atwater refuse to provide him with a wheelchair.  Also on November 30, 2015, an order was entered, granting Plaintiff's motion for leave to file an amended complaint.  The motion was granted pursuant to Federal Rule of Civil Procedure 15(a).  The Court has not screened the original complaint, and Plaintiff has been granted leave to file a first amended complaint as a matter of right.

1      Plaintiff is advised that "a court has not power to adjudicate a personal claim or
2 obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v.
3 Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th
4 Cir. 2007). In this case, no defendant has yet made an appearance. Once Plaintiff files his first
5 amended complaint, the Court will screen the complaint, and should Plaintiff state a claim
6 against any of the defendants, it will direct the U.S. Marshal to effect service of process upon
7 such defendants. Whatever merit there might otherwise be to Plaintiff's request for injunctive
8 relief, at the juncture the Court lacks personal jurisdiction over the defendants and it cannot issue
9 an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d
10 at 1138-39.

11      Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive
12 relief be denied as premature.

13      These findings and recommendations will be submitted to the United States District
14 Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. (b)(1). Within **thirty**
15 **(30)** days after being served with these Finding and Recommendations, Plaintiff may file written
16 objections with the Court. The document should be captioned "Objections to Findings and
17 Recommendations." The parties are advised that failure to file objections within the specified
18 time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834,
19 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20
21 IT IS SO ORDERED.
22 Dated:   **December 1, 2015**                                    
23                                         UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28