# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>  Plaintiff,<br><br>  v.<br><br>A. MATEVOUSIAN, et al.,<br><br>  Defendants. | Case No. 1:15-cv-01457-DAD-SAB-PC<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br>THIRTY DAY DEADLINE |

Plaintiff is a federal prisoner proceeding pro se an in forma pauperis pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the court are Plaintiff's objections filed on February 23, 2016. (ECF No. 16.) Plaintiff objects to the January 27, 2016, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 14.)

Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons (BOP) at USP Atwater. Plaintiff brings this action against BOP officials at Atwater, claiming that the conditions of his confinement violate the Eighth Amendment. Plaintiff alleges that Defendants deprived him of his assistive devices (a wheelchair and a cane) when he arrived at USP Atwater.

On January 27, 2016, an order was entered, dismissing the complaint for failure to state a claim for relief and granting Plaintiff leave to file an amended complaint. (ECF No. 14.) The

1

Court found that Plaintiff failed to allege facts that satisfied the constitutional standard. Plaintiff alleged that when he arrived at USP Atwater, he was temporarily deprived of his devices. The Court found that Plaintiff's allegations regarding the deprivation, and the response to Plaintiff's needs were at most negligent. Plaintiff was advised of the appropriate legal standards, and granted leave to file an amended complaint.

On February 23, 2016, Plaintiff filed objections to the order dismissing the complaint. Plaintiff objects "based upon the included facts, case authority, and what I believe is the Magistrate's overreach and lack of jurisdiction to resolve my complaints of unconstitutional conditions of confinement and a deliberate indifference to plaintiff's medical needs and limitations." (ECF No. 16 p 1.) Plaintiff argues that because he did not consent to magistrate judge jurisdiction, this Court has no jurisdiction to dismiss his complaint. Plaintiff also sets forth substantive arguments regarding the order dismissing the complaint.

Regarding Plaintiff's argument that this Court has no jurisdiction, as noted, this action was referred to this Court by the assigned U.S. District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that a district judge may refer an action to a magistrate judge to conduct certain pretrial proceedings. Local Rule 302(c)(17) provides specific authority to dismiss Plaintiff's complaint with leave to amend. This objection is therefore overruled.

Regarding Plaintiff's substantive arguments, Plaintiff takes issue with the Court's ruling that the facts alleged fail to state a claim for relief. Specifically, Plaintiff states that there was a complete deprivation of his medical devices, and concludes that the deprivation of a device that he has been using for years is more than an inconvenience. In the order dismissing the complaint, Plaintiff was advised of the factual deficiencies in his complaint. Plaintiff was specifically advised that any additional facts that support his claim should be included in an amended complaint. The Court will not consider any additional facts alleged or referred to in Plaintiff's objections. Plaintiff has the opportunity to include additional allegations of fact in an amended complaint. These objections are therefore overruled.

The Court will grant Plaintiff an extension of time to file an amended complaint that cures the deficiencies identified by the Court in the January 27, 2016, order dismissing the

original complaint. Plaintiff is advised that if he fails to file an amended complaint, findings and recommendations will be entered, recommending dismissal of this action for failure to state a claim upon which relief could be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the January 27, 2016, order dismissing the complaint with leave to amend are overruled; and

2. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file an amended complaint in compliance with the January 27, 2016, order.

IT IS SO ORDERED.

Dated: **February 26, 2016**

UNITED STATES MAGISTRATE JUDGE