UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT, | No. 1:15-cv-01457-DAD-SAB |
| Plaintiff, | |
| v. | ORDER ADDRESSING OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |
| A. MATEVOUSIAN et al., | (Doc. No. 19) |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with this civil action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1961). On December 31, 2015, plaintiff filed a first amended complaint. (Doc. No. 13.) On January 27, 2016, the assigned magistrate judge screened plaintiff's first amended complaint and dismissed it for failure to state a cognizable claim with leave granted to file a second amended complaint within thirty days. (Doc. No. 14.) On February 23, 2016, plaintiff filed objections to the order dismissing his first amended complaint. (Doc. No. 16.) Those objections were overruled by the magistrate judge. (Doc. No. 17.) On March 4, 2016, plaintiff again filed objections to the magistrate judge's order dismissing his first amended complaint with leave to amend, this time directed to the

/////

/////

/////

1

undersigned. (Doc. No. 19.)[1]  Because plaintiff's objections ask this court to review the magistrate judge's prior ruling, the court construes plaintiff's request as a motion for reconsideration.

### LEGAL STANDARD

A motion to reconsider a magistrate judge's ruling is reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.  Local Rule 303(f).  As such, the court may only set aside a magistrate judge's order if that order is either clearly erroneous or contrary to law.  *Id.*; Fed. R. Civ. P. 72(a); *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Pursuant to the Local Rules of this court, a party seeking reconsideration of the magistrate judge's ruling shall file a request for reconsideration specifically designating the ruling, or part thereof, objected to and the basis for that objection.  Local Rule 303(c).[2]

A magistrate judge's factual findings are "clearly erroneous" only when the district judge is left with the definite and firm conviction that a mistake has been committed.  *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  This standard is "significantly deferential."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows for independent review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.

---

[1] Although titling his filing as "Objections to Magistrate Recommendations and Findings," plaintiff's filing appears to concern only the magistrate judge's screening order, dated January 26, 2016 (Doc. No. 14).

[2] At the outset, the court notes that the Local Rule provide that a ruling by the magistrate judge becomes final if no reconsideration of the order is sought within fourteen days of service of the order.  Local Rule 303(b).  Here, twenty-seven days passed before plaintiff filed his objection to the magistrate judge's order.  While, plaintiff's request for reconsideration therefore appears to be untimely, the undersigned will nonetheless consider it.

Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F. Supp.2d 501, 502 (S.D.N.Y. 2001); *see also Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

## DISCUSSION

Plaintiff objects to the magistrate judge's findings (1) that the allegations in plaintiff's first amended complaint show at most negligence rather than deliberate indifference, and (2) that the denial of his assistive devices was temporary. (Doc. No. 19.) Here, the court cannot conclude that the magistrate judge's findings in regards to plaintiff's first amended complaint were clearly erroneous.

### A.   Deliberate Indifference

In the Ninth Circuit, a deliberate indifference claim under the Eighth Amendment has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).

As the magistrate judge found, plaintiff's alleges that after having his assistive devices confiscated, he was later provided with devices, but that the response by prison officials was inadequate. (Doc. No. 14 at 4.) As pled, and as the magistrate judge found, these allegations do not satisfy the deliberate indifference standard. (*See id.* at 4–5.) In objecting to the magistrate judge's order, plaintiff also "wishes to present" new evidence that may relate to the prison officials' awareness of his medical condition. (Doc. No. 19 at 3.) These facts, however, were not pled in plaintiff's first amended complaint and therefore cannot be considered in determining whether that pleading sufficiently stated a claim under the Eighth Amendment. Accordingly, the magistrate judge's findings were also not made in clear error.

3

**B.      Temporary Denial of Assistive Devices**

The magistrate judge also concluded that plaintiff alleged, at most, that he was temporarily deprived of his assistive devices when he first arrived at USP Atwater. (Doc. No. 14 at 4.) In his objections, plaintiff argues that the magistrate judge erred in that prison officials continue to deprive him of his assistive devices. Looking to the first amended complaint, plaintiff alleges that On July 31, 2015, prison officials brought plaintiff some assistive devices, but not others due to prison policies. (*See* Doc. No. 13 at 9.) Additionally, plaintiff alleges that on August 4, 2015, he was moved to handicap-accessible cell, but that the cell was not properly functioning. (*See id.* at 10.) These facts alleged are unclear at best as to the duration of plaintiff's claimed deprivations. To the extent plaintiff now argues that he is experiencing an ongoing failure to address his serious medical needs on the part of prison officials, the magistrate judge's prior conclusion that plaintiff's deprivation was temporary was not made in error. The court advises plaintiff to allege such additional facts in any second amended complaint he elects to file in order to support such a claim.

Separately, the court notes that the magistrate judge also found that the first amended complaint fails to clearly describe whether plaintiff fully exhausted all his administrative grievances prior to filing the suit. (Doc. No. 14 at 5–6.)[3] Based on his findings, the magistrate judge ordered that the first amended complaint be dismissed but that plaintiff be granted leave to file an amended complaint addressing these concerns. (*Id.* at 7.) Because this court finds that the magistrate judge committed no clear error, plaintiff's objections, construed as a motion for reconsideration, will be denied.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 19) is denied;

2. The Clerk of the Court is directed to send plaintiff a civil rights complaint form;

/////

---

[3] *But see Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'") (*quoting Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)).

4

3. Within thirty (30) days of the date of service of this order, plaintiff shall file a second amended complaint or a notice of voluntary dismissal, in accordance with the magistrate judge's order (Doc. No. 14); and

4. Any failure on the part of plaintiff to file a second amended complaint within the time provided may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 2, 2016**

_____
UNITED STATES DISTRICT JUDGE