# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No.  1:15-cv-01457-DAD-SAB-PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION REQUESTING ISSUANCE OF FINDINGS AND RECOMMENDATION<br>[ECF No. 37]<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br>[ECF No. 13]<br><br>THIRTY-DAY DEADLINE |

Plaintiff Maurice Hunt is a federal prisoner proceeding pro se and in forma pauperis pursuant to Bivens v. Six Unknown Named Agent, 403 U.S. 388 (1961). Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion requesting the undersigned to issue findings and recommendations to the District Judge, filed November 7, 2016. (ECF No. 37.)

///

///

1

# I.

# BACKGROUND

Plaintiff filed his original complaint on September 25, 2015, (ECF No. 1), and before it was screened by the undersigned, he sought leave to file an amended complaint, (ECF No. 8). Leave was granted, (ECF No. 9), and on December 31, 2015, Plaintiff filed a first amended complaint, (ECF No. 13).

The undersigned screened the first amended complaint on January 27, 2016, and dismissed it for failure to state a cognizable claim, with leave to amend within thirty days. (ECF No. 14.) On February 23, 2016, Plaintiff filed objections to the order dismissing his first amended complaint, (ECF No. 16), which were overruled, (ECF No. 17). Plaintiff then filed objections to the Court's January 27, 2016 screening order with the District Judge, on March 4, 2016. (ECF No. 19.)

In the meantime, on March 16, 2016, Plaintiff filed an interlocutory appeal of the Court's January 27, 2016 screening order with the Ninth Circuit Court of Appeals, (ECF No. 20), and on March 25, 2016, Plaintiff filed a pleading in this action, (ECF No. 24). On May 18, 2016, the Ninth Circuit dismissed Plaintiff's interlocutory appeal for lack of jurisdiction. (ECF No. 27.) On June 6, 2016, Plaintiff filed a notice with the Court stating that he did not intend to further amend his pleading, (ECF No. 28), and on June 24, 2016, he filed a motion for the status of the case, (ECF No. 29). On June 28, 2016, the Court informed Plaintiff that it would screen Plaintiff's pleading in due course. (ECF No. 30.) On July 13, 2016, the Ninth Circuit issued its mandate that its May 18, 2016 dismissal took effect. (ECF No. 31.)

Shortly thereafter, on August 26, 2016, Plaintiff moved the Court to correct the docket, stating that the pleading he filed on March 25, 2016 was not meant to be a second amended complaint in this action, and was instead meant to be a separate, new case. (ECF No. 35.) Plaintiff also filed a notice requesting the status of this case. (ECF No. 33.) On October 21, 2016, the Court granted Plaintiff's motion to correct the docket, and directed the Clerk of the Court to file his March 25, 2016 pleading as a new case. (ECF No. 35.) As a result, there was no second amended complaint docketed in this matter.

1 Following this clarification of the docket, on November 3, 2016, the District Judge then addressed Plaintiff's objections to the January 27, 2016 screening order. (ECF No. 36). The District Judge construed Plaintiff's request as a motion for reconsideration of the undersigned's prior ruling, and denied that motion. (ECF No. 36, pp. 1-4.) Plaintiff was also granted another thirty days from the date of service of the District Judge's order to file a second amended complaint. (Id. at 5.) As a result, Plaintiff was allowed until December 6, 2016 to file a second amended complaint.

## II.

## DISCUSSION

Following the District Judge's November 3, 2016 order, Plaintiff filed the current motion, stating that he will not file any amended complaint, that he believes his first amended complaint is sufficient, and requesting that findings and recommendations be issued. (ECF No. 37.) Also, the deadline that the District Judge extended for Plaintiff to file a second amended complaint has now passed, and Plaintiff has not filed that pleading.

Accordingly, the undersigned construes Plaintiff's motion as a notification that he does not intend to file a second amended complaint as ordered by this Court and the District Judge, and further finds that his deadline to do so has now expired. For the reasons explained in the January 27, 2016 screening order, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim upon which relief can be granted. (ECF No. 14.) The Court therefore recommends that this action be dismissed, with prejudice, for the failure to state a cognizable claim for relief.

## III.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion requesting the undersigned issue findings and recommendations, filed November 7, 2016 (ECF No. 37) is construed as a notification that Plaintiff declines to file any second amended complaint.

Furthermore, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 13, 2016**

UNITED STATES MAGISTRATE JUDGE